# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY MICHAEL MARCELLI,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00063-RCJ-WGC

**ORDER**

    Before the court is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a Nevada prisoner (ECF #1-1). Petitioner's application to proceed *in forma pauperis* (ECF #4) is granted. The court has reviewed the petition pursuant to Habeas Rule 4, and the petition shall be docketed and served.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    **IT THEREFORE IS ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #4) is **GRANTED**.

1    **IT FURTHER IS ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE**
2    the petition (ECF #1-1) on respondents.

3    **IT FURTHER IS ORDERED** that respondents shall file a response to the petition, including
4    potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests
5    for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local
6    rules. **Any response filed shall comply with the remaining provisions below, which are entered**
7    **pursuant to Habeas Rule 4.**

8    **IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case
9    shall be raised together in a single consolidated motion to dismiss. In other words, the court does not
10   wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive
11   motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to
12   dismiss will be subject to potential waiver. Respondents shall not file a response in this case that
13   consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28
14   U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek
15   dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to
16   dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for
17   dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In
18   short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All
19   procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

20   **IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall
21   specifically cite to and address the applicable state court written decision and state court record
22   materials, if any, regarding each claim within the response as to that claim.

23   **IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the
24   answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for
25   relief by respondents by motion otherwise being subject to the normal briefing schedule under the local
26   rules.

27   **IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by
28   either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits

by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

Dated this 27th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE