UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY MICHAEL MARCELLI,<br><br>                              Plaintiff,<br>v.<br>ISIDRO BACA, et al.,<br><br>                              Defendants. | Case No. 3:15-cv-00063-RCJ-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Anthony Michael Marcelli's petition (ECF No. 10). Marcelli opposed (ECF No. 12), and respondents replied (ECF No. 20).

**I.     Procedural History and Background**

On April 19, 2011, Marcelli pleaded no contest under *Alford v. North Carolina* to attempting commit the crime of making threats or conveying false information concerning acts of terrorism, weapons of mass destruction, lethal agents, or toxins (exhibit 13 to respondents' motion to dismiss, ECF No. 10).[1] The state district court sentenced Marcelli to a term of forty-eight to one hundred twenty months. Exh. 15. Judgment of conviction was filed on May 25, 2011. *Id.* The Nevada Supreme Court affirmed the conviction on March 7, 2012, and remittitur issued on April 3, 2012. Exhs. 40, 43.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF Nos. 13-16.

On or about April 11, 2012, Marcelli dispatched his first federal habeas corpus petition for mailing.  Case No. 3:12-cv-00211-MMD-WGC.  On April 22, 2013, this court dismissed the first federal petition without prejudice for failure to exhaust the claims in state court.  *Id.* at ECF No. 40.

On March 4, 2013, Marcelli filed a state postconviction habeas petition.  Exh. 53.  The Nevada Supreme Court affirmed the state district court's denial of the petition on September 24, 2014, and remitittur issued on October 23, 2014.  Exhs. 102, 103.

Marcelli failed to indicate what date he dispatched his federal petition for mailing, but he signed the petition on January 26, 2015 (ECF No. 6).  Respondents now argue that the grounds in the second federal petition are subject to dismissal as unexhausted or are barred from federal habeas review (ECF No. 10).

II.     **Legal Standards and Analysis**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481

(D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

In Marcelli's federal petition, set forth as three grounds, he urges violations of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights (ECF No. 6). He mainly argues that that his counsel coerced him into taking the Alford plea deal. He also contends that he was arrested without a warrant or probable cause and was denied a preliminary hearing. *Id*. at 3-4, 7-9, 11-13.

3

On direct appeal, Marcelli claimed that the district court abused its discretion by refusing to make a finding that he was mentally ill. Exh. 29, p. 8. On appeal of the denial of his state postconviction petition, Marcelli argued to the Nevada Supreme Court that his plea counsel was ineffective for not conducting research, analysis or examining statutory construction to determine whether Marcelli was factually guilty under the statute. Exh. 87, p. 6.

Marcelli has not presented any of the grounds set forth in his federal petition to the Nevada Supreme Court. Nor has he presented any claims based on the Fourth, Fifth or Eighth Amendments. His federal petition is wholly unexhausted. While this court has discretion to hold a "mixed" petition – a petition containing both exhausted and unexhausted claims – in abeyance, *Rhines v. Weber*, 544 U.S. 269 (2005), it must dismiss a petition that contains only unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, this petition must be dismissed without prejudice to petitioner filing a new petition after exhaustion of available state remedies. However, petitioner is once again reminded to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d).

Respondents also argue that *Tollett v. Henderson* would bar Marcelli's federal claims in any event. 411 U.S. 258, 267 (1973). In *Tollett*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir.2011). However, the court notes that *Tollett* would not foreclose federal review of a properly exhausted

4

claim that plea counsel rendered ineffective assistance in coercing a petitioner into entering an Alford plea.

As reasonable jurists would not find the dismissal of this petition without prejudice as unexhausted debatable or wrong, the court denies a certificate of appealability.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED**.  The petition is **DISMISSED** without prejudice as unexhausted.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file their reply in support of the motion to dismiss (ECF No. 17) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion for information of the court (ECF No. 18) and motion for judgment in favor of petitioner (ECF No. 21) are both **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE